A CERTIFIED TRUE COPY

OCT 25 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 27 2006

RELEASED FOR PUBLICATION

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
CLERK'S OFFICE
OCT 25 2006

DOCKET NO. 1793

M 06-cv-1793 CRB

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE INTERNATIONAL AIR TRANSPORTATION SURCHARGE ANTITRUST LITIGATION

BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, D. LOWELL JENSEN,[*] J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL,[*] DAVID R. HANSEN[*] AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation currently consists of fifteen actions listed on the attached Schedule A and pending in six districts as follows: five actions in the Northern District of California, four actions in the Eastern District of New York, three actions in the Eastern District of Pennsylvania, and one action each in the Northern District of Illinois, the Southern District of New York, and the Western District of Washington.[1] All responding plaintiffs and defendants agree upon centralization, with the only differences among them concerning the choice of transferee district. Additional suggested transferee forums are the Southern District of Florida, the Northern District of Illinois, the Eastern and Southern Districts of New York, and the Eastern District of Pennsylvania.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Each of the actions now before the Panel is brought to recover for violations of antitrust laws arising in the context of an alleged conspiracy to fix or

---

[*] Judge Vratil took no part in the disposition of this matter. Additionally, in light of the fact that Judges Hodges, Jensen, Motz and Hansen could be members of the putative class(es) in this litigation, each of them has filed with the Clerk of the Panel a formal renunciation of any claim they he might have as a putative class member, thereby removing any basis for disqualification on that ground. Alternatively, to the extent that their disqualification should be determined for any reason to survive the renunciation, the Panel invokes the "rule of necessity" in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. See In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation, 170 F.Supp.2d 1356, 1357-58 (J.P.M.L. 2001).

[1] Parties have notified the Panel of other related actions recently filed in the Central and Northern Districts of California, the District of Connecticut, the Southern District of Florida, the Northern District of Illinois, the District of Maryland, the District of Massachusetts, the Eastern and Southern Districts of New York, the Eastern District of Pennsylvania, the Southern District of Texas, and the Eastern District of Virginia. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions in accordance with Panel and local court rules. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

maintain prices on international passenger air travel to or from the United States. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification matters), and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Northern District of California is an appropriate forum in this docket for the following reasons: i) the MDL-1793 actions in that district (which comprise the largest number of actions and potential tag-along actions pending in any single district in this docket) are already proceeding apace before an able judge experienced in the management of complex and multidistrict litigation; and ii) the district is well equipped with the resources that this complex antitrust docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for coordinated or consolidated pretrial proceedings with the actions pending in that district.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman

# SCHEDULE A

MDL-1793 -- In re International Air Transportation Surcharge Antitrust Litigation

### Northern District of California

*Kambiz Pahlavan v. British Airways, PLC, et al.*, C.A. No. 3:06-3905
*Alfred T. Martini v. British Airways, PLC, et al.*, C.A. No. 3:06-3907
*Corissa A. McDill v. British Airways, PLC, et al.*, C.A. No. 3:06-3940
*Corinne Weber v. British Airways, PLC, et al.*, C.A. No. 3:06-3945
*Matthew Graham v. British Airways, PLC, et al.*, C.A. No. 3:06-3959

### Northern District of Illinois

*Ryan McGovern, et al. v. AMR Corp., et al.*, C.A. No. 1:06-3444

### Eastern District of New York

*Michael McNamara v. British Airways, PLC, et al.*, C.A. No. 1:06-3105
*John C. Gornik v. British Airways, PLC, et al.*, C.A. No. 1:06-3139
*Kenneth R. Manyin v. British Airways, PLC, et al.*, C.A. No. 1:06-3144
*Mark Levy, et al. v. British Airways, PLC, et al.*, C.A. No. 1:06-3152

### Southern District of New York

*Susana Saldana, et al. v. American Airlines, Inc., et al.*, C.A. No. 1:06-4887

### Eastern District of Pennsylvania

*Anne R. Rossi v. British Airways, PLC, et al.*, C.A. No. 2:06-2736
*Teresa Willstaedt v. British Airways, PLC, et al.*, C.A. No. 2:06-2751
*Stephen Collins v. British Airways, PLC, et al.*, C.A. No. 2:06-2759

### Western District of Washington

*Nicholas L. Jenkins v. British Airways, PLC, et al.*, C.A. No. 2:06-903