Joseph W. Cotchett (36324; jcotchett@cpmlegal.com)
Steven N. Williams (175489; swilliams@cpmlegal.com)
**COTCHETT, PITRE & McCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

Michael D. Hausfeld (*pro hac vice*; mhausfeld@cmht.com)
Charles E. Tompkins (*pro hac vice*; ctompkins@cmht.com)
**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

*Interim Co-Counsel for the Putative Plaintiff Class*

Charles E. Koob (47349; ckoob@stblaw.com)
Jonathan K. Youngwood (*pro hac vice*;
    jyoungwood@stblaw.com)
**SIMPSON THACHER & BARTLETT LLP**
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for Virgin Atlantic Airways Ltd.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE INTERNATIONAL AIR TRANSPORTATION SURCHARGE ANTITRUST LITIGATION | Case No. M:06-cv-01793-CRB<br><br>MDL No. 1793<br><br>Honorable Charles R. Breyer |
| This Document Relates To:<br><br>ALL ACTIONS | **STIPULATION AS TO VIOLATION BY DEFENDANT VIRGIN ATLANTIC AIRWAYS LTD.** |

WHEREAS, on July 9, 2007, Plaintiffs filed their First Consolidated Amended Complaint in the above-captioned case alleging that Defendants British Airways Plc ("British Airways"), Virgin Atlantic Airways Ltd. ("Virgin Atlantic"), United Air Lines, Inc., AMR Corporation, and American Airlines, Inc. engaged in a conspiracy to fix, raise, maintain, and/or stabilize prices for long-haul passenger flights with at least one segment arriving in or departing from the United Kingdom by fixing the price of fuel surcharges imposed on tickets for such flights.

WHEREAS, Virgin Atlantic has been granted full immunity from criminal prosecution for price fixing with respect to fuel surcharges for long-haul passenger flights between the United States and the United Kingdom under the United States Department of Justice's Corporate Leniency Program.

WHEREAS, Virgin Atlantic has been granted immunity from prosecution for price fixing with respect to fuel surcharges for long-haul passenger flights to and from the United Kingdom under the Office of Fair Trading's Leniency Program.

NOW THEREFORE, it is hereby STIPULATED and AGREED as follows:

1. On the following dates, Virgin Atlantic implemented increases or decreases to passenger fuel surcharges for long-haul passenger flights to and from the United Kingdom:

| Date | Increase / Decrease |
| --- | --- |
| August 11, 2004 | Increase |
| October 14, 2004 | Increase |
| March 24, 2005 | Increase |
| June 27, 2005 | Increase |
| September 7, 2005 | Increase |
| November 21, 2005 | Decrease |
| January 9, 2006 | Increase |

These passenger fuel surcharges applied to flights to and from the United States.

2. Prior to each increase or decrease to passenger fuel surcharges for long-haul

passenger flights identified in paragraph 1, one or more employees of Virgin Atlantic had conversations or other communications with one or more employees of British Airways.

3. The communications referenced in paragraph 2 resulted in certain agreements being reached concerning passenger fuel surcharges, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

4. The communications referenced in paragraph 2 resulted in certain agreements being reached concerning passenger fuel surcharges, in violation of Chapter I(2)(1) of the United Kingdom's Competition Act 1998, Chapter 41, 9 November 1998 (the "Competition Act").

5. Notwithstanding the stipulation contained in paragraph 4, both Plaintiffs and Virgin Atlantic agree that such stipulation is not a concession that this court, or any court in the United States, has jurisdiction over claims arising under the laws of any nation or jurisdiction other than the United States.

6. Both Plaintiffs and Virgin Atlantic agree that nothing contained herein shall constitute an admission by Virgin Atlantic that any customer, claimant, or other person, whether natural or legal, suffered any harm or damage, financial or otherwise, arising from the violations of law Virgin Atlantic stipulates to in paragraphs 3 and 4 or any facts Virgin Atlantic stipulates to herein.

Respectfully submitted,

Dated: September 13, 2007

*[signature]*

Joseph W. Cotchett (SBN 36324)
Steven N. Williams (SBN 175489)
COTCHETT, PITRE & MCCARTHY
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
T: (650) 697-6000
F: (650) 697-0577

*[signature]*
Michael D. Hausfeld (*pro hac vice*)
Charles E. Tompkins (*pro hac vice*)
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
T: (202) 408-4600
F: (202) 408-4699

*Interim Co-Counsel for the Putative Plaintiff Class*

*[signature]*
Charles E. Koob (SBN 47349)
Jonathan K. Youngwood (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
T: (212) 455-2000
F: (212) 455-2502

*Counsel for Virgin Atlantic Airways Ltd.*

**UNITED STATES DISTRICT COURT — NORTHERN DISTRICT OF CALIFORNIA**
IT IS SO ORDERED
Judge Charles R. Breyer
09/21/07

- 4 -

STIPULATION AS TO VIOLATION BY DEFENDANT VIRGIN ATLANTIC AIRWAYS LTD.