Joseph W. Cotchett (36324; jcotchett@cpmlegal.com)
Steven N. Williams (175489; swilliams@cpmlegal.com)
Stuart G. Gross (251019; sgross@cpmlegal.com)
**COTCHETT, PITRE & McCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
T: (650) 697-6000
F: (650) 697-0577

Michael Hausfeld (*pro hac vice;* mhausfeld@cmht.com)
Andrea L. Hertzfeld (*pro hac vice;* ahertzfeld@cmht.com)
**COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.**
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
T: (202) 408-4600
F: (202) 408-4699

*Co-Counsel for Plaintiffs and Interim Class Counsel*

Additional Counsel Appear on Signature Page

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE INTERNATIONAL AIR TRANSPORTATION SURCHARGE ANTITRUST LITIGATION | Case No. M:06-cv-01793-CRB |
| | MDL No. 1793 |
| | **JOINT MOTION FOR ADMINISTRATIVE RELIEF TO FILE ADDENDUMS TO SETTLEMENT AGREEMENTS UNDER SEAL** |
| This Document relates to: | |
| ALL ACTIONS | **DOCUMENT SUBMITTED UNDER SEAL** |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants Virgin Atlantic Airways, Ltd. ("Virgin Atlantic") and British Airways Plc ("British Airways", collectively "Defendants") and Plaintiffs Kambiz Pahlavan, Frederick Waters, Maureen Ann Waters, and Deborah Holley, and any other plaintiffs designated by the Court as class representatives (collectively "Plaintiffs," and together with Defendants, the "Parties") hereby request the Court's permission to file the Addendums to the British Airways Settlement Agreement and the Virgin Atlantic Settlement Agreement under seal. *See* Ex. A, Addendum to Settlement Agreement Between Plaintiffs and British Airways ("BA Settlement Agreement"); Ex. B, Addendum to Settlement Agreement Between Plaintiffs and Virgin Atlantic ("Virgin Settlement Agreement"). This motion is based upon this Joint Motion for Administrative Relief, the Declaration of Steven N. Williams, and such other evidence as the Court views as proper for consideration.

## BACKGROUND

On March 17, 2008, Plaintiffs filed with the Court a Motion for Preliminary Approval of Class Action Settlements with British Airways and Virgin Atlantic. In accordance with paragraph 13.2 of the Settlement Agreements, Defendants have the option to withdraw from the Settlements if U.S. Settlement Class Members holding a certain percentage of claims opt out of the U.S. Settlement Class.[1] *See* BA Settlement Agreement ¶ 13.2; Virgin Settlement Agreement ¶ 13.2. Such a termination provision is not uncommon in class action settlements. The agreed percentage that triggers Defendants' termination rights is specified in an Addendum to each Settlement Agreement. In the Settlement Agreements, the Parties agreed to request the Court to file these Addendums under seal. *See Id.* The reason for filing the Addendums under seal is to protect against possible strategic behavior by Settlement Class Members or by attorneys that might seek to represent them, in an effort to extract

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Settlement Agreements.

1

increased individual compensation or other private benefits. Such conduct could potentially undermine the Settlements and would not inure to the benefit of the Settlement Classes as a whole.

Accordingly, the Parties request that the Addendums be filed under seal.

## ARGUMENT

Civil Local Rule 79-5(a) provides that "[a] sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under law." A request to seal must be "narrowly tailored." *See* Civ. L.R. 79-5(a). The Parties seek to seal the Addendums on the grounds that they are entitled to protection under law and the motion is narrowly tailored, being limited only to the "trigger percentage" applicable to the termination provision in paragraph 13.2 of the Settlement Agreements.

The Parties request that the Addendums be filed under seal in order to protect the Settlements against possible strategic behavior by people who may use knowledge of the trigger percentages to undermine the Settlement Agreements for their own gain and to the detriment of the Settlement Classes. To protect against such behavior, trigger provisions or blow provisions in class action settlements are routinely filed under seal. *See Kirkorian v. Borelli*, 695 F. Supp. 446, 449 (N.D. Cal. 1988) (granting final approval of the settlement agreement and noting that the parties filed under seal "maximum opt-out rates (expressed both as numbers of investors and magnitude of investment dollars)" above which Defendants had the option of terminating the settlement); *Jaffe v. Morgan Stanley & Co.*, No. C 06-3903, 2008 U.S. Dist. LEXIS 12208, at * 42-43 (N.D. Cal. Feb. 7, 2008) (noting that the appendix to the settlement agreement containing the trigger provision was filed under seal with the Court); *In re Microsoft Corp. Antitrust Litigation*, MD-01332-JFM, Doc. No. 1253 (D. Md. Jan. 6, 2004) (Motz, J.) (granting motion to seal the appendix to the settlement agreement containing the agreement's trigger provision); *In Re: Terazosin Hydrochloride Antitrust Litigation*, 99-MDL-1317-PAS, Doc. No.

1538 (S.D. Fla. Mar. 7, 2005) (Seitz, J.) (same); *but cf. In re Chiron Corp. Sec. Litig.*, No. C 04-4293, 2007 U.S. Dist. LEXIS 91140, at *26 (N.D. Cal. Nov. 30, 2007).

Specifically, the Parties believe that disclosure of the trigger percentage would create an incentive for attorneys not appointed as Interim Class Counsel to attempt to recruit U.S. Settlement Class Members holding sufficient U.S. Qualifying Coupons to meet the trigger percentage in order to gain leverage that could be used to seek appointment as co-class counsel, or to seek a share of class counsel's attorneys' fees, or otherwise derive a benefit to themselves at the expense of Settlement Class Members. Similarly, disclosure of the trigger percentage may cause members of the Settlement Classes to exclude themselves (or threaten exclusion) from the Settlement Classes to try to extract increased individual compensation from the Defendants, or otherwise undermine the Settlement Agreements, by virtue of such Settlement Class members collectively holding sufficient U.S. Qualifying Coupons to exceed the trigger threshold. Such strategic behavior would not inure to the benefit of the Settlement Classes as a whole and could be detrimental to the Settlement Classes if it affects consummation of the Settlements. Moreover, knowledge of the specific trigger percentages is not information that will affect the rights of Settlement Class members or impact their legitimate consideration of whether to object to the Settlements, request exclusion from the Settlement Classes, or remain in the Settlement Classes with a view to claiming a refund.

The proposed sealing is narrowly tailored, seeking only to protect the specific trigger percentages giving rise to the Defendants' termination rights, and it is necessary to protect the legitimate interests of the Parties to the Settlement Agreements.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that this Court enter an Order sealing the Addendums.

Dated: March 21, 2008

By: *[signature]*
Joseph W. Cotchett
Steven N. Williams
Stuart G. Gross
Cotchett, Pitre & McCarthy
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
(650) 697-6000 (telephone)
(650) 697-0577 (facsimile)

By: *[signature]*
Andrea L. Hertzfeld
Cohen, Milstein, Hausfeld & Toll, PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
(202) 408-4600 (telephone)
(202) 408-4699 (facsimile)

Anthony Maton
Cohen, Milstein, Hausfeld & Toll, LLP
Central Court
25 Southampton Buildings
Chancery Lane
London, England
WC2A 1AL

*Counsel for Plaintiffs and Interim Class Counsel*

By: *[signature]*
Charles E. Koob
David E. Vann Jr.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000 (telephone)
(212) 455-2502 (facsimile)

*Counsel for Defendant Virgin Atlantic Airways, Ltd.*

By: *[signature]*
Daryl A. Libow (*pro hac vice*)
Sullivan & Cromwell LLP
1701 Pennsylvania Avenue, NW
Washington, DC 20003
T: (202) 956-7500
F: (202) 293-6330

Brendan P. Cullen
Sullivan & Cromwell LLP
1870 Embarcadero Road
Palo Alto, California 94303
T: (650) 461-5600
F: (650) 461-5700

*Counsel for Defendant British Airways Plc*