IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE INTERNATIONAL AIR TRANSPORTATION SURCHARGE ANTITRUST LITIGATION _____/ This document relates to: ALL ACTIONS _____/ | No. M 06-01793 CRB **MEMORANDUM AND ORDER RE SUBJECT MATTER JURISDICTION** |

    Now pending before the Court is the parties' joint motion for final approval of the settlement of this multi-district litigation. As the Court stated at the hearing on September 26, 2008, the Court has carefully reviewed the settlement, and objections thereto, and finds that the settlement is fair, reasonable and adequate and should be approved.

    As was discussed during oral argument, Duncan Vere-Hopegood, Dominic Hagger, Tracy Hagger, all members of the United Kingdom ("UK") Settlement Class, have objected to the settlement. They raise two primary objections: (1) the Court does not have, or at least should not exercise, subject matter jurisdiction of the UK Settlement Class claims, and (2) the attorneys' fee award is excessive. As for the latter objection, the Court will not rule on the motion for an award of fees and costs or the motion for an incentive payment to the class representatives until after the Class has been given reasonable notice of the amount sought and an opportunity to object. This Memorandum and Order addresses the subject matter jurisdiction objection.

The named plaintiffs and defendants contest these objectors' standing to challenge the Court's subject matter jurisdiction. Regardless of whether objectors have standing, however, the Court has an independent obligation to ensure that it has subject matter jurisdiction of the UK Settlement Class claims. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004). The Court does not have original jurisdiction of the claims, as they are brought under the law of the United Kingdom. The Court nonetheless concludes that since the UK Settlement Class claims are joined with United States antitrust claims in this lawsuit, the Court has discretion to exercise supplemental jurisdiction of the UK Settlement Class claims pursuant to 28 U.S.C. section 1367.

Section 1367 "is a broad jurisdictional grant, with no distinction drawn between pendent-claim and pendent-party cases." Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 559 (2005). It provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Thus, a district court may have supplemental jurisdiction of claims by or against a party who is not a party to the claim of which the court has original jurisdiction, provided the supplemental claim forms "part of the same case or controversy under Article III of the United States Constitution." Such supplemental jurisdiction may be exercised over state law claims and foreign claims. See Ortman v. Stanray Corp., 371 F.2d 154, 158 (7th Cir. 1967). Since the UK Settlement Class claims and the US Settlement Class claims arise from the same case or controversy–namely, a single price fixing conspiracy involving passenger air travel fuel surcharges–the Court may exercise supplemental jurisdiction of the claims.

Objectors argue that even if the Court does have supplemental jurisdiction, it should not exercise such jurisdiction in this case. They contend that the settlement is unprecedented because it resolves foreign claims of foreigners against foreign airlines. See 28 U.S.C. § 1367(c)(4) (providing that a district court may decline to exercise supplemental jurisdiction "in exceptional circumstances," where there are "compelling reasons for declining

1 jurisdiction"). They note that the United States antitrust laws and legal system in general are
2 more generous to plaintiffs than other legal systems, such as that in the United Kingdom, and
3 thus to exercise supplemental jurisdiction here would encourage forum shopping.

4 If defendants had objected to jurisdiction, or if the settlement was a traditional opt out
5 settlement rather than an opt in, or if there was already a similar case pending in the United
6 Kingdom, the Court agrees that the exercise of supplemental jurisdiction might be
7 unwarranted. In the unique circumstances of this case, however, the Court finds that the
8 exercise of jurisdiction is appropriate.

9 First, *defendants* are asking the Court to exercise jurisdiction; thus, it would be odd
10 for the Court to decline to exercise such jurisdiction on the ground that it is unfair to
11 defendants. Second, the parties have not asked the Court to decide any issue of foreign law
12 and the Court will not have to apply the law of a foreign country; instead, the parties have
13 presented the Court with a settlement which, in the Court's judgment, is an excellent result
14 for both the United States and United Kingdom class members. Third, neither the objectors
15 nor the parties have advised the Court that there are any similar actions pending in the United
16 Kingdom, even thought this lawsuit was filed more than two years ago. Accordingly, the
17 Court in its discretion will exercise its supplemental jurisdiction to approve the settlement as
18 to the UK Settlement Class.

19 **IT IS SO ORDERED.**

21 Dated: October 2, 2008

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE